*Margin:* WASHINGTON, *March,* 1836. Lamb *vs.* Day et al.

---

### IRA DAY & CO. *vs.* CHARLES ROBERTS.

The form for an officer's return of a levy of real estate, promulgated by Judge Chipman, has been frequently adjudged sufficient.

"Good and lawful freeholders" imports "disinterested." The cases of *Price vs. Dodge*, 4 Vt. R. 191, and *Seymour's adm'r vs. Beach*, 4 Vt. R. 493. distinguished.

*Margin:* WASHINGTON, *March,* 1836.

This was an action of the case brought against the defendant, as sheriff of Caledonia county, for the neglect of Benjamin Perry, a deputy sheriff of the defendant, in making an insufficient return of the levy of an execution in favor of said Ira Day & Co., against John Bolls. Plea—*General Issue.*

That part of the return involved in the question, was as follows:

"And the said parties, their agents and attornies, neglecting to choose appraisers to appraise said estate, I applied to Joseph Fisher Esq., a justice of the peace of the same county in which said estate lies, and who by law may judge between the parties in civil

WASHINGTON,
March,
1836.

Day & Co.
vs.
Roberts.

il causes, who appointed Jonathan Perkins, William Read and Hiram Wood, all good and lawful freeholders of the vicinity, to appraise the same, who being sworn as the law directs, on their oaths have appraised the same at the sum of thirty-nine dollars, in full satisfaction of the within writ of execution, and the legal cost thereon, arising as stated in the bill hereunto annexed, and I have set out the same according to the bounds above described. And on the same day and year aforesaid, I caused this execution with my return hereon endorsed, to be recorded in the office of the clerk of Caledonia county, and thereafterwards I returned the same into the office of the justice who issued this execution, and caused the same to be there recorded.

"BENJ. PERRY, Dep. Sh'ff." (L. s.)

The court decided that said return was defective, and that no title would vest in the plaintiffs by virtue of said return.

The defendant then offered parol evidence to show that the said Jonathan Perkins, William Read and Hiram Wood, the appraisers mentioned in said return, were, at the time of their appointment, inabitants of, and living in said Goshen Gore.

To the admission of which testimony, the plaintiffs objected, and it was excluded by the court.

The defendant then moved the court that the said Benj. Perry might be permitted to amend his return, by stating that the said committee were, at the time of their said appointment, inhabitants of, and living in said Gore;—which motion was overruled by the court; and judgment was rendered by said court, that the plaintiffs recover the amount of said execution and interest.

To which several decisions of said court, defendant excepted.

Argument for defendant.—The return follows what is called the Chipman's form, except in the following particulars :

After describing the land, it proceeds—"And the said parties, "their agents and attornies, neglecting to choose appraisers, to ap-"praise said estate, I applied to Joseph Fisher, Esq., a justice of "the peace for the same county in which said estate lies, and who; "by law, may judge between the parties in civil causes, who ap-"pointed Jonathan Perkins, &c., all good and lawful freeholders "of the vicinity, to appraise the same, who being sworn as the law "directs, on their oaths appraised," &c.

The Chipman form is as follows :

"And afterwards, viz., at       on       I caused the "same land, with the appurtenances, to be appraised by A B, &c., "good and lawful freeholders of the vicinity, chosen, appointed, "and sworn as the law directs, who on oath appraised," &c.

WASHINGTON,
March,
1836.
———
Day & Co.
vs.
Roberts.

Three or four objections have been made to the Chipman form, but the case in 4 Vt. R. 493, *Administrator of Benjamin Seymour*, vs. *Robert Beach and Martha Miller*, established that form of return.

It is believed that the case above referred to is decisive of the present. The rerturn in this case seems to obviate all the important objections usually made to the form in Chipman, but one, viz : "That it does not appear that the appraisers *resided in the town where the land lies.*" And in this respect the return is the same, word for word, as that in Chipman; and of course has been decided valid.

It is stated that the appraisers were "*good and lawful freeholders of the vicinity, to appraise the same, who being sworn as the law directs.*"

The officer in this case having described, with sufficient precision, the *manner* in which the appraisers were *appointed*, it became unnecessary to use the words "*chosen, appointed ;*" and these words in Chipman's form "*chosen, appointed and sworn* as the law directs," relate altogether to the *mode* and *manner* of their appointment, and cannot, by any fair construction, relate to the *qualification* of the appraisers, or add force to the previous expressions "*good and lawful freeholders*," which latter expressions alone describe their *qualifications* ; for if they are *lawful freeholders*, they must be such as the statute has required.

Return *valid*, if made according to form in Chipman.— *Cleveland* vs. *Allen*, 4 Vt. R. 176—*Eastman* vs. *Curtiss*, do. 616.

The officer must state that the justice who appointed the appraisers was one who by law may judge between the parties.— *Dodge* vs. *Prince*, 4 Vt. R. 191.

Not necessary that return should state that the money or property was demanded of the debtor.—*Eastman* vs. *Curtiss*, 4 Vt. R. 616.

If an officer return that appraisers were sworn as the law directs, it is sufficient.—*Ibid*.

Admit that a return must be *full* and *complete*, in those parts where it deviates from established forms, yet those parts that conform to them are good. The case of *Eastman* vs. *Curtiss* was one of this description. In that case, the court say, "The return in these particulars is conformable to the forms which have been long in use, and is not to be disturbed," &c.

*Second*—It is submitted that the court erred in not admitting *parol proof* and refusing to permit amendments, &c.

Washington,
March,
1836.

Day & Co.
vs.
Roberts.

*Third*—Even if this return shall be considered invalid, it is con-tended that the action cannot be sustained.

1st. Upon general principles. Is this such a neglect for which an officer will be liable ? Are officers who have been called upon to set off land, after using all their skill, and perhaps availing them-selves of all the professional skill within their reach, in making out a return, answerable for a mistake to the amount of the land set off ?

2d. Whether the appraisers lived in the town or not, the offi-cer was obliged to take such as the justice appointed. He had no discretion in this respect.

*L. B. Peck for plaintiff.*—The levy is void for two reasons :

1. It does not appear that the appraisers were *disinterested.* The record shows them to have been *good* and *lawful* freeholders. Such they may have been, and yet have been *interested* in the case. It is true that these are the words adopted by Judge Chip-man ; but the officer has not undertaken to follow the form given by him, but has attempted to designate the manner in which the appraisers were chosen. He is, therefore, bound to show that the requisitions of the statute have been complied with.—4 Vt. R. 176. I endeavored to get over precisely the same objection in the case of *White* vs. ——— *Fox et al.,* decided in Orange county, March Term, 1834 ; but the objection was held fatal.

2. The statute requires that the appraisers shall be inhabitants of the *town* or *place* where the land is situated. The record shows that they resided in the *vicinity* of the land. This might be true, and they be resident in another town. This objection is also fa-tal.—1 Root, 196—5 Conn. R. 400, 403—7 do. 229.

3. This is a proceeding *in invitum,* and it is familiar law, at this day, that a record of this character cannot be aided by *parol,* or by any amendment.

The opinion of the court was delivered by

Phelps, J.—This case turns upon the sufficiency of the defen-dant's return upon the execution in favor of the plaintiffs against Bolls. If the defendant's proceedings in relation to that levy be regular and valid, so that a good title was created by the levy, then the action cannot be sustained.

The first objection to the levy is, " that it does not appear, from the defendant's return, that the appraisers were disinterested."

The return does not say, in terms, that they were so. But the question is, whether it is not implied in the terms used.

Much nicety has obtained on this subject.  I, for one, should have been better satisfied, had greater liberality been indulged in sustaining these levies.  But the principle of strict construction was early adopted, and one nicety has furnished a precedent for anoth- er, until an unusual particularity has become incorporated into our law on this subject.  It would perhaps have been better, had our courts adopted the practice of setting aside defective levies, in a summary way, with its natural consequence, of holding them not vitiated by defects of form, when attacked in a collateral way.— And it is hoped, that our recent statute on the subject, will work a salutary change in this branch of our law.

Notwithstanding all the nicety which has been exhibited on this subject, the form of a return, promulgated by Judge Chipman, at a very early day, has uniformly been held sufficient, both in our state courts, and in the courts of the United States, from the peri- od of its promulgation to the present day.—See *Seymour's Adm'r* vs. *Beach,* 4 Vt. R. 493.  In that case, the return was held suf- ficient, although liable to the precise objection raised here.

The only expression in the return, and in the form of Judge Chipman, descriptive of the qualifications of the appraisers, is the following, viz :  " good and lawful freeholders of the vicinity."

Does this import *disinterested?*  The term *lawful,* as here used, has uniformly been understood as importing all the qualifications which the statute requires ;  and in this way only, can such a re- turn be sustained.  The terms have not been understood as import- ing merely that the appraisers were legal freeholders, but as imply- ing that they were such freeholders as the law requires for this du- ty, or such as could lawfully discharge it.  The qualification of dis- interestedness is involved in this interpretation.

Upon this ground has the form of Judge Chipman been legali- zed,  and by the repeated recognitions of its legality, has the term *lawful* as here used, acquired a definite legal signification, import- ing, among other things, that they were *disinterested.*

The cases of *Dodge* vs. *Prince,* 4 Vt. R. 191, and *White* vs. *Fox,* decided in Orange county, March, 1834, are cited as conflict- ing with this doctrine.

In the former case, the precise objection here raised was not started.  The ground of the decision was, that the officer had not adopted the generality of the Chipman form, but had attempted to particularize ;  and having attempted to enumerate the several qualifications of the appraisers, it was necessary, upon common principles, that he should enumerate them all.

WASHINGTON,
*March,*
1836.
———
Day & Co.
*vs.*
Roberts.

The distinction between the two cases is very broad. Where the officer returns that the appraisers "were good and lawful free-holders," the terms imply the particular qualifications; and when he returns that they were "chosen, appointed and sworn, as the law directs," the expression imports that if they were appointed by a magistrate, he was a competent magistrate, or one who could judge between the parties.

But when he returns that "he applied to A. B., a justice of the peace, who appointed," &c., there is nothing importing that A. B. could, by law, judge between the parties. And where he proceeds, "who appointed C. D., a freeholder of the vicinity," he does not, even by implication, certify that C. D. was disinterested.

In *White* vs. *Fox*, the return was, "A, B and C, judicious free-holders." We held that "*judicious*" did not mean "*disinterested.*"

The cases are therefore reconcileable, and the propriety of the decisions, which have sanctioned the form of Judge Chipman, is apparent.

In the return under consideration, the defendant has used the precise words of the Chipman form. It is true that he has not in all things followed that form, but he has in this particular, and, so far as he has done so, his return must be sustained.

The second objection is, that the return does not describe the appraisers, as freeholders *in the town*; but the remarks already made will apply to this objection—"good and lawful" import it.—In this respect also, he has adopted the approved form. And in *Seymour's Adm'r* vs. *Beach*, this objection was taken and over-ruled.

We are of opinion, that the objections to the return are not sustained, and that the decision of the county court was erroneous.

Judgment reversed, and cause remanded.